16368.   ROGERS-MORGAN COMPANY <em>v.</em> WEBB.

1. The contract is not unilateral.

2. The contract is not so vague and indefinite as to the cross-ties in question as to be incapable of legal enforcement. Civil Code (1910), § 4268; *Burnett* v. *Mann,* 24 *Ga. App.* 581 (3 *a*) (101 S. E. 706); *Shore Lumber Co.* v. *American Lumber &c. Co.,* 23 *Ga. App.* 135 (1) (97 S. E. 667); *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* 113 *Ga.* 1142 (4) (39 S. E. 471).

3. Where a buyer of cross-ties sues the seller for breach of a written contract to deliver them, he is not precluded from measuring his damages by loss of profits on a particular contract of resale, known to the seller at the time he contracted to sell, by the fact that the contract alleged to have been breached does not specify such measure of damages.

4. As against the demurrer, each count of the petition set out a cause of action; and the judgment sustaining the demurrer and dismissing the petition was error.

DECIDED OCTOBER 6, 1925.

Action for breach of contract; from Johnson superior court— Judge Camp. March 16, 1925.

*A. L. Hatcher, W. B. Cook, Franklin & Langdale,* for plaintiff.
*F. H. Saffold, M. P. Kea,* for defendant.

LUKE, J. Rogers-Morgan Company, a partnership composed of N. J. Rogers and W. A. Morgan, sued J. E. Webb for breach of a written contract to deliver cross-ties. The petition contained two

counts, identical except as to the measure of damages.  The first count was substantially as follows:  (1) Defendant is a resident of Johnson county.  (2) Defendant is indebted to petitioners in the sum of $2649.24, with interest thereon at 7% per annum from May 1, 1923.  (3) At the time the transaction hereinafter alleged transpired petitioners were engaged in purchasing and selling cross-ties.  (4) At said time defendant was engaged in manufacturing and selling cross-ties.  (5) On or about November 28, 1922, petitioners, by W. A. Morgan, one of the partners, entered into the following written contract of sale:

"Adrian, Ga., Nov. 28, 1922.

"J. E. Webb.

"Ship to:  Order of Rogers-Morgan Co., Valdosta, Ga.

"How ship:  As directed.

"Terms:  Cash when loaded and B. of L. is issued by railroad. 15,000 mixed oak ties to be furnished by May 1, 1923, f. o. b. cars, prices and sizes as follows:

"#2    6 x 7 x 8' 6",          .37¢
"#3    6 x 8 or 7 x 7 x 8' 6",    .47¢
"#4    7 x 8 x 8' 6",          .57¢
"#5    7 x 9 x 8' 6",          .67¢

"To be taken up whenever three or four cars are ready.

"Rogers-Morgan Co.,
"by W. A. Morgan,
"Valdosta, Ga., Box 74.

"Accepted:  J. E. Webb."

(6) "That under the terms of said contract petitioners and defendant meant, and, according to the general custom as applied to such terms, such contract meant that petitioners were to pay to defendant for said cross-ties at the prices set out in said contract, and that the ties were to be delivered to petitioner in f. o. b. cars at the nearest point of shipment from where the cross-ties were to be manufactured, which nearest point in this case was and is Adrian, Ga."  (7) "That at the time petitioners and defendant entered into said contract of sale both petitioners and defendant knew that the said cross-ties were to be manufactured by the defendant near Adrian, Ga., and that Adrian, Ga., was the nearest shipping point from where the ties were to be manufactured, and that Adrian, Ga., was the nearest logical shipping point, it being

less expensive to haul them there than to any other shipping point."
(8) "That in accordance with the general or universal custom in
the cross-tie business, where the contract does not specify, as in
this case, how many ties of each several dimensions shall be de-
livered to the purchaser by the seller, the seller has the option of
delivering to the purchaser any number of cross-ties of each dimen-
sion that he may see fit to deliver under the terms of the con-
tract of sale." (9) Defendant delivered only 282 cross-ties under
said contract, leaving undelivered 14718 ties. (10) Petitioners
made repeated demands on defendant for delivery of said 14718
ties f. o. b. cars at Adrian prior to May 1, 1923, but defendant
failed and refused to make such delivery. (11) Defendant failed
and refused to deliver any of said 14718 cross-ties f. o. b. cars at
Adrian, Georgia, on or before May 1, 1923, or at any other time.
(12) On May 1, 1923, the value of said cross-ties of each dimension,
as set out and described in said contract, f. o. b. cars at Adrian,
Ga., was 18¢ per tie more than the price of same set out in said
contract. (13) Defendant's failure to deliver said ties according
to the terms of said contract caused petitioners to lose $2649.24,
besides interest thereon at the rate of 7% per annum from May
1, 1923, "which is to be added to the principal sum, not as interest
eo nomine, but as a part of the damages suffered by petitioners,
such interest to be added by the jury at its discretion."

By striking from the first count paragraphs 12 and 13, and sub-
stituting therefor the following paragraphs, we have the second
count of the petition: (12) Before said contract was entered into,
petitioners had resold said cross-ties to the Pennsylvania Railroad
Company. (13) At the time and before said contract was entered
into, petitioners informed the defendant that they had resold said
cross-ties to the Pennsylvania Railroad Company, and that they
would be compelled to make deliveries thereof in accordance with
their said contract of resale. (14) Petitioners had a profit on
said contract of resale of said cross-ties of 18¢ per tie, and defend-
ant, by having failed to make deliveries of said cross-ties in ac-
cordance with the terms of said contract, as shown by the fore-
going facts, caused a loss to petitioners in the sum of $2649.24,
besides interest, as aforesaid, which is to be added to the principal
not as interest eo nomine, but as a part of the damages suffered
by petitioners, such interest to be added by the jury at their
discretion.

Defendant demurred to the petition: (1) Because neither count, nor both counts taken together, set out any cause of action against defendant. (2) Because the pretended contract sued on is so vague and indefinite as to the property that no suit can be maintained thereon. (3) Because, under said contract as sued on, there was no binding obligation resting upon any one, and if there was a binding obligation as contended, resting on Mr. Webb, the defendant, there was no collateral or corresponding obligation on the part of the plaintiff, and therefore said contract is unilateral in its nature, and therefore can not be enforced.

The judgment sustaining the foregoing demurrer was error. The headnotes, considered in connection with the statement of the case, need no elaboration.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*